AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для the
Central District of California

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Daniel Marcotte | ) Case No. | |
| | ) 5:21-mj-00238 | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

**LODGED**
CLERK, U.S. DISTRICT COURT
4/1/2021
CENTRAL DISTRICT OF CALIFORNIA
BY: LM DEPUTY

**FILED**
CLERK, U.S. DISTRICT COURT
April 1, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: KC DEPUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __June 8, 2020__ in the county of __Riverside__ in the __Central__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) and 18 U.S.C. § 922(g)(1) | Possession with Intent to Distribute a Controlled Substance, and Felon in Possession of Firearms and Ammunition. |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

/S/
Complainant's signature

Joseph Nazareno, Special Agent
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 04/01/2021

Judge's signature

City and state: Riverside, California

Honorable Magistrate Judge Sheri Pym
Printed name and title

*AUSA:* B. Tuyay; (213) 440-3141

**AFFIDAVIT**

I, JOSEPH NAZARENO, being duly sworn, declare and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against DANIEL MARCOTTE ("MARCOTTE") for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute a Controlled Substance, and 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a Criminal Investigator, Special Agent ("SA") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and have been so employed since January 2017. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), as such, I am empowered by law to

conduct investigations and make arrests for the offenses enumerated within the United States Code.

4. I have attended the ATF Special Agent Basic Training program at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia, where I received training in federal laws and regulations. I also completed the Department of Homeland Security ("DHS") Criminal Investigator Training Program at the FLETC. I regularly refer to these laws and regulations during the course of my duties, and have participated in investigations, and the execution of search and arrest warrants for violations of these statutes.

5. Prior to working for the ATF, I was employed as a United States Probation & Pretrial Services Officer in the Eastern District of Wisconsin (Milwaukee), for two years. In that capacity, I supervised individuals alleged to have committed federal crimes, and those convicted of violating federal law, including offenses related to firearms, controlled substances, financial fraud, and sexually based crimes. I also worked as a United States Probation Officer in the Western District of Tennessee (Memphis), for four years, as a presentence investigator and as a supervision officer. During this time in Memphis, I also served as a certified Firearms Instructor, a Defensive Tactics Instructor, and a Search Enforcement Team member.

6. I have received a Bachelor of Arts degree in Psychology from the University of Dallas, and a Master of Arts

degree in Forensic Psychology from the Chicago School of Professional Psychology.

7.     I am currently assigned to the ATF Riverside Field Office in Riverside, California, where I conduct proactive criminal investigations, participate in the execution of arrest and search warrants, conduct undercover operations, and manage collateral duties within the office.

### III.  SUMMARY OF PROBABLE CAUSE

8.     On or about June 8, 2020, deputies and officers from the Riverside County Sheriff's Department (RCSD) – Riverside Auto-Theft Interdiction Detail (RAID), responded to 12736 Ruiz Road in the City of Banning, California, after locating a stolen tractor at the aforementioned residence.  Pursuant to a state search warrant, officers searched the property and recovered 17 additional stolen vehicle, including motorcycles, trucks, trailers, and off-road vehicles.

9.     Pursuant to the same state search warrant, officers also searched a detached industrial shipping container located on the property where officers found various documents containing MARCOTTE's name and address inside the storage container.  Additionally, officers found 61 firearms in two firearms safes inside the storage container.  These firearms included handguns, shotguns, rifles, and silencers.  At that time, MARCOTTE was a convicted felon.  Officers also recovered 109.4 grams (total net weight) of methamphetamine hydrochloride.

## IV. STATEMENT OF PROBABLE CAUSE

10. Based on my review of law enforcement reports, my conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

### A. Officers Executed a Search Warrant at MARCOTTE's Residence

11. On or about June 8, 2020, patrol officers from the Riverside County Sheriff's Office (RCSD) responded to 12736 Ruiz Road in Banning, California, MARCOTTE's property, after they located a stolen tractor at the aforementioned residence. The tractor was equipped with a GPS locating system that enabled law enforcement to track it and find it. While seizing and processing the stolen tractor, officers saw additional tractors and a Ford F150 parked outside of the home as well as numerous vehicles in various states of disassembly inside the property. Following a records check, officers determined that the Vehicle Identification Number (VIN) did not match the registered VIN for the Ford F150, and that it had been reported stolen. Patrol officers then requested the assistance of the RAID task force to assist in the identification of the additional, possibly stolen, vehicles on the property.

12. On the same day, MARCOTTE was observed driving the stolen tractor off the property and was apprehended. MARCOTTE confirmed that he lived at the property but did not provide consent to search his property and residence. Based on the number of vehicles observed inside and outside of the property consistent with the operation of a "chop shop," officers

obtained a search warrant, signed by Honorable Judge Emma Smith of the Superior Court of California, County of Riverside.

    **B.    Search of Shipping Container Located on the Property**

    13.  Later on June 8, 2020, officers executed a search warrant on MARCOTTE's property. An additional 17 stolen vehicles, e.g., motorcycles, trucks, tractors, trailers, and off-road vehicles, were found throughout MARCOTTE's property.

    14.  Officers found on the property a large industrial shipping container which had been utilized as a storage facility and an office space. Within the container, officers found various letters and documents bearing MARCOTTE's name and property address (12736 Ruiz Road, Banning, California). Officers later discovered that MARCOTTE had on his person keys to the padlock which secured the doors to the storage container.

    15.  While continuing to execute the search warrant, in the storage container, officers found two large metal firearms safes, one of which was unlocked. Officers requested the assistance of the fire department to open the locked safe. In total, officers recovered 61 firearms from the two safes, including handguns, shotguns, rifles, and firearm silencers. Furthermore, hundreds of rounds of ammunition in various calibers were found throughout the shipping container.

    16.  In the western portion of the shipping container, officers saw what appeared to be an office space with a desk, and various television screens showing surveillance video feed of the property. Next to a chair in the office space within the container, officers found a subwoofer speaker enclosure which

contained mail belonging to MARCOTTE, as well as various firearm silencers.  Adjacent to the speaker enclosure, officers found a large plastic bag containing a white crystalline substance which was later laboratory confirmed to be methamphetamine hydrochloride.  Several smaller bags containing methamphetamine hydrochloride were located in a small black canvas bag next to the large plastic bag.

    17.  On or about August 19, 2020, I retrieved the methamphetamine, various silencers, and multiple handguns and rifles from the RCSD Palm Desert Station.  These items were entered into ATF custody.

    **C.  MARCOTTE's Criminal History**

    18.  I reviewed certified conviction documents for MARCOTTE and determined that he has previously been convicted of the following felony crimes punishable by a term of imprisonment exceeding one year:

    a.  On or about February 13, 2001, a violation of California Health and Safety Code Section 11370.1 (Unlawful Possession of Methamphetamine while Armed), in the Superior Court for the State of California, County of Riverside, Case Number BAF001428 (sentenced to 2 years' imprisonment); and

    b.  On or about May 7, 2014, a violation of California Penal Code Section 29800(a)(1) (Felon in Possession of Firearm), in the Superior Court for the State of California, County of Riverside, Case Number BAF1300725 (sentenced to 16 months' imprisonment).

### D. DEA Drug Laboratory Tests

19. On or about September 9, 2020, the methamphetamine seized from MARCOTTE's property was analyzed at the Drug Enforcement Administration laboratory, which concluded that the substance contained approximately 109 grams of methamphetamine hydrochloride with a 100% substance purity.

### E. Interstate Nexus

20. On September 20, 2020, an ATF Interstate Nexus Expert examined various firearms and ammunition and determined that at least five firearms and five hundred rounds of ammunition were manufactured outside of the State of California. Because the firearms and ammunition were found in California, I believe that they traveled in and affected interstate commerce to have been found in California.

///
///
///

## V. CONCLUSION

21. For all of the reasons described above, there is probable cause to believe that DANIEL MARCOTTE has committed violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute a Controlled Substance, and 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this  1st  day of
April 2021.

_____
HONORABLE SHERI PYM
UNITED STATES MAGISTRATE JUDGE